IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY JAMES,  )
        )
    Plaintiff,  )
        )
-vs-  )   Civil Action No. 14-152J
        )
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
        )
    Defendant.  )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11, 15 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

### I.  **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits (DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his applications alleging he had been disabled since May 20, 2011. (ECF No. 9-6, pp. 20, 22). Administrative Law Judge ("ALJ"), Lawrence J. Neary, held a hearing on February 25, 2013. (ECF No. 9-2, pp. 29-70). On March 4, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 18-28).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Opinion of Treating Psychiatrist, Dr. Matthew Pontzer</u>

Plaintiff submits that the ALJ erred in rejecting his treating psychiatrist's opinion without providing an adequate rationale. (ECF No. 11, pp. 6-12 and No. 16, pp. 1-5). Specifically, Plaintiff argues that ALJ erred in assigning his treating psychiatrist little and/or partial weight based on an improper reason. *Id.* Consequently, Plaintiff requests that this case be reversed.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. §§ 416.927(c)(1); 404.1527(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory

3

diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

The ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705. In the present case, I find the ALJ failed to meet this standard.

The ALJ assigned "little weight" to Dr. Pontzer's opinions because Dr. Pontzer "reported it was clinically significant that the claimant had adverse side effects from all medication classes he tried, with rapid onset and severity inconsistent with the low doses utilized (Exhibit 9F). The

4

fact that the claimant's reaction to medication is abnormal due to perceived side effects undercuts the opinion that the claimant's psychological symptoms are significantly disabling." (ECF No. 9-3, p. 23). Upon review of the record, I find this reason to be inadequate. One simply does not follow the other. When weighing the medical opinions, the ALJ should consider all of the following factors: the examining relationship, the treatment relationship (the length of treatment relationship and the frequency of examinations, the nature and extent of treatment relationship), supportability, consistency, specialization and other factors brought to the ALJ's attention or which tend to support or contradict an opinion. 20 C.F.R.§§416.927(c), 404.1527(c). The ALJ fails to provide any support that a treating doctor's observations concerning a claimant's reports of side effects of medication make the doctor's opinion about the claimant's mental residual function capacity unreliable or contradictory.

In opposition, Defendant suggests many reasons why the ALJ's decision is supported by substantial evidence. (ECF No. 15, pp. 18-23). None of the reasons listed by Defendant were reasons relied upon by the ALJ (other than to merely conclude that narrative by Dr. Pontzer challenges his determination). *Id.* The review of an administrative order must be judged upon those bases set forth and disclosed in that order. *Fargnoli v. Massanari*, 247 F.3d 34, 44 n. 7 (3d Cir. 2001). Thus, to consider post hoc rationalizations not listed by the ALJ runs contrary to the law. *Id.*

Consequently, I find the ALJ erred in failing to provide a proper reason for rejecting Dr. Pontzer's opinions. Therefore, remand is required for a full and proper analysis of Dr. Pontzer's opinions.

## C.     Non-examining Psychologist, Dr. Melissa Diorio, Psy.D.

Plaintiff also argues that ALJ erred in assigning the opinion of the non-examining state agency consultant, Dr. Diorio, "great probative weight." (ECF No. 11, pp. 13-14). State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R.

5

§§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). After a review of the record, however, I cannot say that the ALJ's reliance on Dr. Diorio's opinion was proper in light of the following facts: 1) the ALJ fails to give any explanation or reason for giving Dr. Diorio's opinion significant weight other than to summarily conclude that it is "consistent with and supported by the medical evidence of record." (ECF No. 9-2, p. 25). Without a sufficient explanation, I am unable to conduct a full and proper analysis to determine if the opinion is based upon substantial evidence. Therefore, remand for a full and proper analysis is warranted.

### D. Plaintiff's Credibility

Finally, Plaintiff submits that the ALJ erred in assessing his credibility. (ECF No. 11, pp. 15-18). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ attempts to use certain testimony to discredit Plaintiff. (ECF No. 9-2, pp. 21-26). Since I have found that the ALJ erred in evaluating the opinion evidence, his finding regarding Plaintiff's credibility simply cannot stand. *Mason v. Shalala,* 994 F.2d 1056, 1068 (3d Cir. 1993). Thus, I find remand is warranted on this issue as well.

An appropriate order shall follow.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY JAMES,      )
                           )
     Plaintiff,   )
                           )
 -vs-                  )       Civil Action No. 14-152J
                           )
CAROLYN W. COLVIN,   )
COMMISSIONER OF SOCIAL SECURITY,   )
                           )
     Defendant.   )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 14th day of April, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is granted and Defendant's Motion for Summary Judgment (Docket No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                          BY THE COURT:

                                          s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge